## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**Omega Mayes,**

**Plaintiff,**

**vs.**                                                    **Case No.:**

**Matera Residential Care LLC, Matera LLC,**
**Grainary Group Home LLC, Tampa**
**Roadking LLC, and Carolyn Matera,**
**Individually,**

**Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Omega Mayes, by and through undersigned counsel, sues Defendants, Matera Residential Care LLC, Matera LLC, Grainary Group Home LLC, Tampa Roadking LLC, and Carolyn Matera, Individually, alleging violations of federal and state employment laws.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

2.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division because Defendants conduct business in this

District, Defendants' principal place of business is located in this District, and a substantial part of the events giving rise to this claim occurred in this Judicial District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff is a resident of Hillsborough County, Florida.

5.     Defendants,  Matera Residential Care LLC, Matera Residential Care LLC, Matera LLC, Grainary Group Home LLC, Tampa Roadking LLC, and Carolyn Matera, Individually are Florida limited liability companies, licensed and authorized to conduct business in the State of Florida and in Hillsborough County, Florida, with their principal place of business located at 3715 Berger Road, Lutz, Florida 33548.

6.     Defendants, Matera Residential Care LLC, Matera LLC, Grainary Group Home LLC, Tampa Roadking LLC, and Carolyn Matera, Individually are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

7.     Defendant, Carolyn Matera, is an officer, director, manager, owner, and/or operator of Defendants, Matera Residential Care LLC, Matera Residential

2

Care LLC, Matera LLC, Grainary Group Home LLC, and Tampa Roadking LLC, was directly involved in the day-to-day operations of Matera Residential Care LLC, Matera Residential Care LLC, Matera LLC, Grainary Group Home LLC, and Tampa Roadking LLC, had direct responsibility for the supervision of Plaintiff, as well as control over the compensation paid to Plaintiff, and individually took the adverse employment action against Plaintiff, and therefore, is individually liable for the violations of law  pursuant to the FLSA.

8.      As part of Plaintiff's duties for the Defendants, Plaintiff regularly engaged in commerce, handled goods in commerce, and the production of goods for commerce.  Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(2). Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

9.      Defendants are an employer as defined by the Fair Labor Standards Act and other applicable laws under which this action is brought.

10.      Defendants are a joint employer and/or a common or integrated enterprise.

## ADMINISTRATIVE PREREQUISITES

11.      All conditions precedent to bringing this action have occurred, been satisfied, or waived.

## GENERAL ALLEGATIONS

12. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

13. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

14. Plaintiff demands a trial by jury on all issues so triable.

## FACTUAL ALLEGATIONS

15. Plaintiff was hired by Defendants to work at Defendants' residential care facility located in Lutz, Florida.

16. During her employment, Plaintiff worked in multiple roles for Defendants, including positions designated as Manager, Staff 1, Staff 2, Overnight 1, and 1:1, providing direct care and supervision to Defendants' clients.

17. Defendants exercised substantial control over Plaintiff's work, including scheduling Plaintiff's shifts, assigning specific job roles and duties, dictating work locations, and tracking Plaintiff's clock-in and clock-out times through Defendants" timekeeping system.

18. Defendants paid Plaintiff at an hourly rate of approximately $20.00 per hour.

19.     Throughout Plaintiff's employment, Defendants regularly scheduled and required Plaintiff to work shifts exceeding eight hours per day and work weeks exceeding forty hours.

20.     Across all documented pay periods, Defendants failed to compensate Plaintiff at the overtime rate of time-and-one-half for any hours worked in excess of forty hours per workweek, in violation of the Fair Labor Standards Act.

21.     In addition to failing to pay overtime premiums, Defendants failed to timely pay Plaintiff for work performed during multiple pay periods.

22.     On January 30, 2026, Plaintiff sent a text message to Defendants' representatives stating that she had been in the hospital for several days and inquiring when she would be paid.

23.     In that same message, Plaintiff stated that she had not received any money at all, that she had been very patient, and that it was concerning how much time and effort she had put in to show up to work without pay.

24.     Plaintiff requested a response. Defendant owner, Ms. Carolyn Matera, replied that she was at the hospital with a client and would look at Plaintiff's pay when she could, stating "No one is ignoring you."

25.     Despite this assurance, Plaintiff continued to go unpaid for hours she had worked.

26.    Following continued non-payment, Plaintiff submitted a formal request for payment for work completed.

27.    Prior to submitting the formal request, Plaintiff's messages regarding payment had gone unanswered, which is why she submitted the formal invoice.

28.    In response to Plaintiff's formal request, and continued requests for payment, Defendants took adverse action against Plaintiff.

29.    Defendants removed Plaintiff from the work schedule, preventing her from being assigned future shifts.

30.    Defendants also removed Plaintiff from all work-related group chats and communication channels.

31.    These actions were taken via text message and without advance notice to Plaintiff.

32.    Plaintiff never quit or resigned from her employment with Defendants.

33.    On February 5, 2026, Plaintiff sent a text message to Defendant, Carolyn Matera clarifying that sending an invoice is not a reason to remove someone from work or communication channels and that she never quit.

34.    In that message, Plaintiff stated that being removed from the schedule and all group chats effectively prevented her from continuing her work.

35. On February 5, 2026, Defendant, Carolyn Matera, responded to Plaintiff's request for training certifications by stating, "Actually I do not have to send them as I paid for them. But that is one of the reasons it takes 30 days to pay your invoices, because I deduct the cost of your trainings and send them to you."

36. This communication constituted an admission by Defendant, Carolyn Matera that it deducted training costs from wages already owed to Plaintiff.

37. Defendants' practice of deducting training costs from Plaintiff's earned wages violated the Fair Labor Standards Act's prohibition on unlawful wage deductions that reduce an employee's compensation below the minimum wage or reduce overtime compensation owed.

38. Plaintiff responded that Defendant, Carolyn Matera could not legally deduct training fees from money already owed.

39. The temporal proximity between Plaintiff's protected activity in requesting payment and submitting an invoice and Defendants" adverse actions of removing her from the schedule and communications establishes a causal connection between the protected activity and the adverse actions.

40. Defendant, Carolyn Matera stated justification that it takes thirty days to pay invoices and that training costs must be deducted does not constitute a legitimate, non-retaliatory reason for removing Plaintiff from work and terminating her employment.

41.    Prior to her removal from the schedule and communications, Plaintiff had been regularly scheduled for and assigned shifts by Defendant.

42.    After being removed from the schedule and group chats, Plaintiff was unable to receive shift assignments, communicate with management or coworkers about scheduling or job duties, or otherwise perform work for Defendant.

43.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer lost wages, lost employment opportunities, emotional distress, humiliation, and other compensatory damages.

44.    Defendants' violations of the Fair Labor Standards Act were willful, as Defendants had actual knowledge of the FLSA's requirements regarding overtime compensation and wage payment but knowingly and intentionally failed to comply with those requirements.

45.    All conditions precedent to the filing of this action have occurred, been satisfied, or waived.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

46.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 45.

47.    At all material times, Defendants were an employer covered by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., engaged in interstate commerce

or in the production of goods for interstate commerce, and employed the requisite number of employees.

48.    At all material times, Plaintiff was an employee of Defendants within the meaning of the FLSA, working under Defendants" direction and control.

49.    Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime compensation at one-and-a-half times her regular rate for all hours worked in excess of forty hours per workweek.

50.    Defendants violated 29 U.S.C. § 206 by making unlawful deductions from Plaintiff's wages for training costs, which reduced Plaintiff's compensation below the amounts required under the FLSA.

51.    Defendants failed to pay Plaintiff wages for all hours worked during multiple pay periods, in violation of the FLSA.

52.    Defendants violated 29 U.S.C. § 211(c) by failing to make, keep, and preserve accurate records of Plaintiff's hours worked and wages paid.

53.    Defendants' violations of the FLSA were willful, entitling Plaintiff to liquidated damages and a three-year statute of limitations under 29 U.S.C. § 255(a).

## COUNT II
## (UNPAID WAGES, SECTION 448.08, FLORIDA STATUTES

54.    Plaintiff and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 45.

55.    Plaintiff earned wages over the course of her employment, which remain

unpaid by Defendants.  Specifically, Defendants failed to compensate Plaintiff for all hours worked during her employment with Defendants.

56.    Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, have failed and refused to make payments as required by Chapter 448.08, Florida Statutes.

57.    Plaintiff has retained undersigned counsel and is obligated to pay them a reasonable fee for her services.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants for the aforementioned relief and damages.

**COUNT III**
**FAIR LABOR STANDARD ACT MINIMUM WAGE**

58.    Plaintiff and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 45.

59.    Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

60.    By reason of the intentional, willful, and unlawful acts of the Defendants in violation of the FLSA, Plaintiff have suffered damages.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants.

**COUNT IV**
**(VIOLATION OF THE FLORIDA MINIMUM WAGE ACT)**

61.    Plaintiff and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 45.

62.    At all times material hereto, Plaintiff was paid an hourly rate.

10

63.     Plaintiff's hourly rate did not equal Florida's minimum wage.

64.     Plaintiff regularly made less than the statutory amount needed to be considered an employee.

65.     Defendants' failure to pay Plaintiff the required wage was intentional and willful.

66.     As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff prays for:

    a.    all legal and equitable relief allowed by law including judgment against Defendants for minimum wage compensation;

    b.    prejudgment interest;

    c.    post judgment interest;

    d.    payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    e.    equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy; and

    f.    such other relief as the court may deem just and proper.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants, for back pay, interest, attorneys' fees, and costs and for such other relief to which Plaintiff may be justly entitled.

11

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Omega Mayes respectfully requests that this Court

enter judgment in her favor and against Defendants Matera Residential Care LLC

as follows:

On Count I (Fair Labor Standards Act Violations):

a. All unpaid regular wages and overtime compensation owed under 29

U.S.C. § 207;

b. Liquidated damages in an amount equal to the unpaid wages and

overtime compensation pursuant to 29 U.S.C. § 216(b);

c. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

On Count II (Retaliation and Florida Employment Law Violations):

d. Back pay and lost wages from the date of constructive discharge;

e. Front pay in lieu of reinstatement;

f. Compensatory damages for emotional distress, humiliation, and mental

anguish;

g. Statutory penalties and remedies pursuant to Florida Statutes § 448.08;

On All Counts:

i. Pre-judgment and post-judgment interest as permitted by law;

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts and issues triable by jury.

**DATED** this 15th day of May 2026.

**FLORIN|GRAY**

s/*Wolfgang M. Florin*
**Wolfgang M. Florin**
Florida Bar No.: 907804
wflorin@floringray.com
debbie@floringray.com
16524 Pointe Village Drive,
Suite 100 Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
*Trial Attorneys for Plaintiff*